**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CRAIG RITCHIE,

        Petitioner-Appellant,

v.

H.N. SCOTT, Warden,

        Respondent-Appellee.

No. 02-6345

(W.D. Oklahoma)

(D.C. No. 01-CV-1413-R)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2)(c). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Craig Ritchie, a state prisoner proceeding pro se, seeks a certificate of appealability that would allow him to appeal from the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Ritchie has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA, and we dismiss the appeal.

Because Mr. Ritchie filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), our review of his claims is governed by its provisions. *McGregor v. Gibson*, 248 F.3d 946, 951 (10th Cir. 2001). Under AEDPA, in order to appeal the district court's denial of § 2254 habeas relief, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

AEDPA also establishes standards for granting habeas relief. If a claim was decided on its merits by a state court, petitioner is entitled to relief only if he can establish that the state court decision "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1), or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Id*. § 2254(d)(2).'" *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001), *cert. denied*, 123 S. Ct. 165 (2002). The "contrary to" clause of § 2254(d)(1) requires a conclusion that the state court arrived at a conclusion opposite to that of the Supreme Court or decided the case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The "unreasonable application clause" of § 2254(d)(1) requires a conclusion not only that the state court decision applied clearly established federal law erroneously or incorrectly, but also that the application of federal law was unreasonable. *Id.* at 413. Under § 2254(d)(2), "a decision adjudicated on the merits . . . based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1033 (2003).

Mr. Ritchie was convicted of three counts by an Oklahoma state court: (I) unlawful possession of cocaine with intent to distribute, (II) unlawful possession of methamphetamine with intent to distribute, and (III) maintaining a dwelling where controlled dangerous substances are kept, all after previous convictions of two or more felonies. He was sentenced to fifty years on each count, with counts

I and II to run consecutively to each other and count III to run concurrently to counts I and II. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Mr. Ritchie's convictions.

Mr. Ritchie's federal habeas petition alleges that he is entitled to relief because (1) he was denied his right to a speedy trial and sufficient notice to present an adequate defense; (2) the evidence at trial was insufficient to sustain his convictions; and (3) he was denied the right to a fair trial as a result of the admission of evidence of other crimes. In her report and recommendation to the district court, the magistrate judge addressed each of Mr. Ritchie's claims on the merits and concluded that the OCCA's application of the law as to each claim was reasonable. The district court addressed each of Mr Ritchie's objections to the magistrate judge's report, adopted the magistrate judge's report and denied Mr. Richie's petition and request for a COA.

We have carefully reviewed Mr. Ritchie's brief, the magistrate judge's thorough report and recommendation, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. Ritchie's brief raises an issue which meets the standards for the grant of a COA. Accordingly, for substantially the same reasons as set forth by the district court in its order of October 9, 2002, we cannot say "that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack*, 529 U.S. at 484 (internal quotation marks omitted).

Accordingly, we DENY Mr. Ritchie's request for a COA and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge